# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MICHAEL JAY SUHRHEINRICH, and | ) | |
| BARBARA ANN SUHRHEINRICH, | ) | Case No. 08-30823 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| NORMAN E. ROUSE, Chapter 7 Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary No. 08-3048 |
| | ) | |
| WELLS FARGO BANK, N.A. and | ) | |
| WELLS FARGO BANK NV, N.A., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The Chapter 7 trustee, Norman E. Rouse ("Trustee"), seeks to avoid a deed of trust ("DOT") held by Wells Fargo Bank, N.A. ("Wells Fargo") on a home owned by the Debtors, Michael and Barbara Suhrheinrich.[1] The Trustee argues that the DOT is invalid because the Suhrheinrichs own the property as tenants by the entireties, but only one spouse – Michael Suhrheinrich – is defined as the grantor in the DOT. Wells Fargo maintains that its lien is valid because Barbara Suhrheinrich signed the DOT as a grantor in two other places, indicating her unambiguous intent to convey her interest in the property to Wells Fargo's predecessor in interest. As an alternate defense, Wells Fargo has filed a counterclaim against the Trustee for reformation of the DOT to correct the definition of grantor to include Barbara Suhrheinrich.

---

[1] The Trustee also seeks a judgment against Defendant Wells Fargo Bank NV, N.A., the holder of a second deed of trust on the Debtors' home, to preserve the Trustee's interest as a senior lienholder in the event he is successful in avoiding Defendant Wells Fargo's deed of trust. Because the Court holds that Wells Fargo's deed of trust is not subject to avoidance under 11 U.S.C. § 544, the Trustee has no interest to preserve. Therefore, the Court will enter judgment in favor of Wells Fargo Bank NV, N.A. notwithstanding its failure to file an answer in this adversary proceeding.

For the reasons stated below, the Court determines that the DOT is valid. Therefore, the Trustee's request under 11 U.S.C. § 544 to avoid Wells Fargo's interest in the Debtors' home will be denied.

**FACTUAL BACKGROUND**

On May 20, 2004, Michael J. Suhrheinrich executed a promissory note in the amount of $208,000.00 in favor of Taylor, Bean, and Whitaker Mortgage Corporation for the purchase of certain real estate located in Lawrence County, Missouri. To secure payment of the promissory note, the Debtors executed a deed of trust (the DOT) to convey a mortgage lien interest in the real estate to Taylor, Bean, and Whitaker. The DOT refers to the grantor under the deed as the "Borrower," and under the section of the DOT entitled, "Definitions," Borrower is defined only as "Michael J. Suhrheinrich, A Married Man." However, the DOT refers to Michael and Barbara Suhrheinrich as Borrowers on the cover page and on the signature page. Wells Fargo became the current holder of the promissory note and DOT on or around June 1, 2004.

On February 8, 2006, the Debtors executed a second promissory note in favor of Home Loan Center, Inc. d/b/a Lending Tree Loans ("Lending Tree") in the amount of $100,000.00 and executed a second deed of trust to Lending Tree to secure the note. The second deed of trust was recorded with the Lawrence County, Missouri Recorder of Deeds office on March 17, 2006. Both Michael and Barbara Suhrheinrich are listed as grantors on the second deed of trust's cover (first) page, second page, and signature page. Wells Fargo Bank NV became the current holder of the second promissory note and second deed of trust on or around March 17, 2006.

On September 17, 2008, the Debtors filed for relief under Chapter 7 of the Bankruptcy Code, and Plaintiff Norman E. Rouse was appointed as the Chapter 7 trustee for the Debtors' bankruptcy estate.

**DISCUSSION**

**1.     Avoidance of Wells Fargo's Mortgage Lien.**

Section 544 of the Bankruptcy Code gives a trustee the authority to avoid liens that are unperfected as of the petition date.[2] The validity and status of liens are determined by state law.[3]

To be valid under Missouri law, a deed of trust on property held in tenancy by the entireties requires both tenants, *i.e.*, the husband and the wife, to be grantors under the deed of trust.[4] A deed of trust executed by only one of the two tenants conveys nothing.[5]

The Trustee contends that the DOT is invalid under *Ethridge v. Tierone*.[6] In *Ethridge*, the Missouri Supreme Court held that a deed of trust on real property owned by a husband and a wife as property by the entireties was invalid where the deed of trust identified the husband as the only owner and borrower. The wife initialed each page and signed the deed of trust under her husband's signature, but the Court held that those notations were insufficient indicia of the wife's intent to convey her interest in the property.

> The deed of trust defines "Borrower" as David Ethridge, notes that he is married, but indicates-albeit incorrectly-that title is vested solely in him. This is the only definition of borrower in the document and the only description of the property's ownership. The deed of trust does not reference Mary Ethridge or otherwise indicate that another individual is also a borrower or grantor. This definition is not open to different constructions and cannot reasonably be construed to mean that Mary Ethridge also is a borrower under the deed of trust. Mary's initials on the document or her signature underneath the signature line on the final page of the document do not change the unambiguous nature of the deed's plain description of David Ethridge as the sole borrower and sole owner of the property.[7]

---

[2] 11 U.S.C. § 544.

[3] *See In re Marlar*, 252 B.R. 743, 752 (B.A.P. 8th Cir. 2000). *See also* 5 Lawrence P. King, Collier on Bankruptcy § 544.02, at 544-5 (15th ed. 2003) (the extent of the trustee's strong arm powers is defined by the state law governing the property in question).

[4] *See Bradley v. Missouri Pac. Ry. Co.*, 4 S.W. 427, 428 (Mo. 1887) (holding that a conveyance was invalid because the husband was the only one listed as grantor on the deed even though the wife signed the deed).

[5] *Id*.

[6] 226 S.W.3d 127 (Mo. banc 2007).

[7] *Id*. at 132.

\* \* \*

The party in whom the title is vested, [sic] must use appropriate words to convey the estate.[8]  "Signing, sealing, and acknowledging a deed by the wife in which her husband is the only grantor will not convey her estate."[9]

The Trustee maintains that the facts of this case are sufficiently similar to *Ethridge* to warrant the application of its holding to invalidate the DOT.

Wells Fargo argues that *Ethridge* does not compel the invalidation of its DOT because, in contradistinction to the facts in *Ethridge*, Barbara Suhrheinrich is named as a grantor (Borrower) in the DOT – on the signature page in the typewritten line below her signature, and on the cover page, which Wells Fargo maintains is a part of the DOT.

Although the distinctions between this case and *Ethridge* are slight, the Court believes that they are significant, especially in light of uncontroverted evidence that Barbara Suhrheinrich intended to grant Wells Fargo a lien on the property.  First, the Court finds it significant that Barbara Suhrheinrich's name was typed below the line where her signature appears, alongside the pre-printed word "Borrower." The presence of these notations on the DOT takes Barbara Suhrheinrich's signature beyond the mere "signing, sealing, and acknowledging a deed by the wife in which her husband is the only grantor will not convey her estate" described in *Ethridge* – it is an indication that the DOT was drafted, and Barbara Suhrheinrich signed it, with the intention that she be a grantor ("Borrower") under the DOT.

Second, the Court accepts Wells Fargo's contention that the cover page constitutes part of a deed of trust and should be considered in determining whether Barbara Suhrheinrich is a grantor under the DOT.

In Missouri, all deeds of trust must include certain information on the first page: the title of the document, the date of the document, all grantors' names, all grantees' names, any statutory addresses, and a legal description of the property.[10]  Additionally, a deed of trust must have a top

---

[8] *Id.*

[9] *Id.* (citing *Bradley*, 4 S.W. at 427).

[10] Mo. Rev. Stat. § 59.310.

4

margin of at least three inches of vertical space from left to right to be reserved for the recorder of deed's certification and use.[11] From a legal and practical standpoint, a deed of trust is not complete and in recordable form unless the first page meets these requirements.

The deed of trust at issue here has a cover page that precedes the first substantive page. The first substantive page of the DOT does not contain all of the information required for filing under Missouri law, nor is it in the prescribed format. The date of the document is missing, there is no three-inch margin at the top, and (as Wells Fargo would likely argue) it doesn't list all of the grantors, inasmuch as Barbara Suhrheinrich's name is omitted from the definition of Borrower on that page. The cover page, however, does meet all of the requirements of Missouri law. The conclusion to be drawn from this is that the cover page, and thus the information contained on that page, was intended to be a part of the DOT and not a separate document attached merely for convenience.[12] Germanely, the cover page contains the typewritten notation: "Grantor/Borrower Names: MICHAEL J SUHRHEINRICH, Barbara A Suhreneinrich [sic],"[13] which the Court interprets as proof that she was, in fact, a grantor under the DOT.

Finally, Barbara Suhrheinrich's testimony bolsters the Court's conclusion that she is a grantor/borrower under the DOT. Barbara Suhrheinrich testified that she intended to convey an interest in her home to Taylor, Bean, and Whitaker (now Wells Fargo) and understood that she had to sign the DOT in order for it to be valid. In contrast to the wife in *Ethridge* who signed the deed of trust because her husband "was the 'head of household' and made all the couple's financial decisions,"[14] Barbara Suhrheinrich previously worked as a bookkeeper for a mortgage company and testified that she understood the necessity for both spouses to sign a deed of trust intended to encumber jointly owned property.

In sum, the Court finds that the DOT's failure to list Barbara Suhrheinrich as a Borrower on

---

[11] *Id.*

[12] Even if it was technically "separate," under Missouri law contemporaneous instruments are generally read together as one contract. *See Rosemann v. Roto-Die, Inc.*, 276 F.3d 393, 400 (8th Cir. 2002) (citing *Ringstreet Northcrest, Inc. v. Bisanz*, 890 S.W.2d 713, 718 (Mo. Ct. App. 1995)).

[13] The misspelling of Mrs. Suhrheinrich's name on the cover is not significant under the facts of this case.

[14] *Ethridge*, 226 S.W.3d at 229.

the second (including the cover sheet) page of the DOT does not invalidate the DOT. When the DOT is considered in its entirety, it unambiguously names both owners of the property subject to the DOT and is therefore valid under Missouri law. Further, to the extent there is ambiguity in the DOT, the evidence shows that Barbara Suhrheinrich fully intended to convey to Wells Fargo a mortgage lien interest in her home. Accordingly, Wells Fargo's interest in the Debtors' home cannot be avoided under 11 U.S.C. § 544.

**2.     Wells Fargo's Counterclaim for Reformation**

Because the Court holds that the DOT is valid as written, Wells Fargo's Counterclaim for reformation of the DOT is essentially moot. If the DOT is valid, it is not necessary for the Court to reform it to make it valid.[15] Therefore, Wells Fargo's Counterclaim for reformation will be denied.

**CONCLUSION**

For the reasons stated above, the relief sought by the Trustee in his Complaint will be denied. Wells Fargo's deed of trust on the Debtors' home is valid and cannot be avoided under 11 U.S.C. § 544. A separate judgment consistent with this Memorandum Opinion will be entered pursuant to Fed. R. Bank. P. 9021.

**ENTERED** this 14th day of October 2009.

/s/   Jerry W. Venters
United States Bankruptcy Judge

A copy of the foregoing mailed electronically or
conventionally to all counsel of record

---

[15] It appears, however, that but for the bankruptcy Wells Fargo would be entitled to reformation of its deed of trust under the standard noted in *Ethridge*. *Id*. at 132-33.